The Honorable MARY JO HESTON
Chapter 7 Proceeding
Tacoma, Washington

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| In Re:<br><br>SOLID ROCK CONSTRUCTION SERVICES, LLC,<br><br>Debtor, | Bankruptcy Case No.: 19-40257<br><br>Adversary Case No.: |
| Mark D. Waldron, Trustee for Solid Rock Construction Services, LLC,<br><br>Plaintiff,<br><br>v.<br><br>EIN CAP, INC., a New York Corporation,<br><br>Defendant. | COMPLAINT TO AVOID PREFERENTIAL TRANSFERS, AND/OR POST PETITION TRANSFERS PURSUANT TO 11 USC §§547 AND/OR 549 |

COMES NOW, Plaintiff, MARK D. WALDRON, Chapter 7 Bankruptcy Trustee for the estate of Solid Rock Construction Services, LLC, by and through his attorneys Law Offices of Mark D. Waldron, PLLC, and alleges as follows:

## I. PARTIES

1.1 The Plaintiff, MARK D. WALDRON, Chapter 7 Trustee for the Estate of Solid Rock Construction Services, LLC, (hereinafter referred to as "Plaintiff") is the duly acting and qualified Trustee in the above Chapter 7 Bankruptcy proceeding.

Law Offices of Mark D. Waldron
6711 Regents Blvd. W.. #B
Tacoma, WA 98466
Telephone: 253.565.5800
email: mark@mwaldronlaw.com

1.2 The Defendant, EIN CAP, INC., (hereinafter referred to as "EIN") is a New York Corporation, and a creditor of Solid Rock Construction Services, LLC.

## II. VENUE AND JURISDICTION

2.1 Plaintiff realleges and incorporates herein the preceding paragraphs as though set forth in full.

2.2 This adversary proceeding is brought pursuant to the following statutes, including but not limited to United States Bankruptcy Code (11 U.S.C. §101 et.seq., hereinafter to as the "Code"), and Fed R Bankr P 7001 et seq.

2.3 This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§1334 and 157. Venue is proper pursuant to 28 U.S. C. §1409.

## III. FACTS

3.1 Plaintiff realleges and incorporates herein the preceding paragraphs as though set forth in full.

3.2 Solid Rock Construction Services, LLC, debtor, filed a voluntary petition for relief under Chapter 7 of the Code on January 30, 2019. Mark D. Waldron is the duly acting and qualified Trustee in the above-styled Chapter 7 Bankruptcy case (hereinafter referred to as "Chapter 7 Trustee").

3.3 Defendant, EIN CAP, Inc. is a creditor of debtor. EIN filed a proof of claim in this case on March 2, 2019 (POC #5).

3.4 On or about May 17, 2018, debtor and EIN entered into a "Merchant Agreement" (hereinafter referred to as "Agreement"). In this agreement EIN funded to debtor the sum of $105,000.00, payable at $885.94 per day, plus 15% interest, until the amount was paid in full.

Law Offices of Mark D. Waldron
6711 Regents Blvd. W.. #B
Tacoma, WA 98466
Telephone: 253.565.5800
email: mark@mwaldronlaw.com

3.5 The Agreement purports to be a sale of future account receivables of debtor.

3.6 EIN never requests, nor does debtor ever provide any description, list or other identifying information regarding debtor's account receivables. Account receivable information is never exchanged between the parties.

3.7 No Bill of Sale or other transfer document consummating the sale of receivables or evidencing "delivery" of the accounts was executed.

3.8 In the Agreement, Section 1.12, purports to grant a security interest to EIN in all of debtors "accounts, ...account receivables..., equipment..." and other property of debtor.

3.9 No UCC financing statement was even filed until after the bankruptcy petition was filed (Chapter 7 1/30/19; UCC filed 2/12/19).

3.10 The Agreement for repaying the obligation by allowing EIN access to withdraw a daily amount from debtor's bank accounts.

3.11 Debtor had bank accounts at Chase Bank and Bank of America.

3.12 On November 1, 2, 6, 7, 8, 9, 13, 14, 15, 16, 19, and 21, 2018, Defendant electronically withdrew $885.94 each day, for a total of **$10,631.28** from debtor's bank account at Chase Bank.

3.13 On November 23, 26, 27, 28, 29 and 30, 2018, Defendant electronically withdrew $862.60 each day, for a total of **$5,175.60** from debtor's bank account at Chase Bank.

3.14 On December 3, 4, 5, 6, 7, 10, 11, 12, 13, 14, 17, 18, 19, 20, 21, 24, 26, 27, 28 and 31, 2018, Defendant electronically withdrew $862.60 each day, for a total of **$17,252.00** from debtor's bank account at Chase Bank.

Law Offices of Mark D. Waldron
6711 Regents Blvd. W.. #B
Tacoma, WA 98466
Telephone: 253.565.5800
email: mark@mwaldronlaw.com

3.15 On January 2, 3, 4, 7, 8, 10, 14, 15, 16, and 17, 2019, Defendant electronically withdrew $862.60 each day, for a total of **$8,626.00** from debtor's bank account at Chase Bank.

3.16 On or about January, 31 2019, Defendant electronically withdrew **$617.98** from debtor's bank account at Bank of America.

3.17 The defendant received these transfers both pre and post-petition on the dates alleged above.

3.18 Debtor was insolvent at the time of these transfers. Debtor signed, under penalty of perjury, in its bankruptcy schedules, that at the time of filing, the assets totaled $80,246.41 and debts totaled $404,050.54 (See Official Form 206Sum - Schedule A/B: $80,246.41; Schedule D: $111,471.00; Schedule E: $124,989.54; Schedule F: $167,590).

## IV. FAILURE TO CONSUMMATE SALE

4.1 The "sale" of accounts receivable was not consummated, title never passed from seller to buyer:

4.1.1 No Bill of Sale was executed; and

4.1.2 No deliver of the account receivables occurred.

## V. STATUS AS AN UNSECURED CREDITOR

5.1 Plaintiff realleges and incorporates herein the preceding paragraphs as though set forth in full.

5.2 This transaction is covered by Article 9 of the Uniform Commercial Code. Specifically, §9-109 states that Article 9 applies to "(3) a sale of accounts". Article 9 regards substance over form, regardless of the "sale" label recited in the Merchant Agreement.

Law Offices of Mark D. Waldron
6711 Regents Blvd. W.. #B
Tacoma, WA 98466
Telephone: 253.565.5800
email: mark@mwaldronlaw.com

5.3 Section 1.12 of the Merchant Agreement specifically states that EIN is granted a security interest in a broad list of debtor's assets and that the Merchant Agreement is covered by Article 9 of the Uniform Commercial Code (See Merchant Agreement, Section 1.12).

5.4 Section 1.12.2 of the Merchant Agreement recites that EIN was authorized to file a financing statement (UCC 1) to perfect its security interest.

5.5 No UCC financing statement was filed until after the bankruptcy petition filing. Therefore, EIN is a mere unperfected unsecured creditor of the debtor.

## VI. FIRST CAUSE OF ACTION - 11 U.S.C. §547

6.1 Plaintiff realleges and incorporates herein the preceding paragraphs as though set forth in full.

6.2 To the extent that the Defendant is a creditor of the debtor, the transfers identified above, were made for or on account of an antecedent debt owed by the debtor, made while the debtor was insolvent and made within ninety days (90) of the date of the bankruptcy petition. The defendant received more than such creditor would receive without such transfer.

## VII. SECOND CAUSE OF ACTION - 11 U.S.C. §549

7.1 Plaintiff realleges and incorporates herein the preceding paragraphs as though set forth in full.

7.2 The transfer of the funds in the bank account is voidable by the Trustee pursuant to 11 USC §549(a) because the transfer was made after the commencement of the case and without Court permission.



Law Offices of Mark D. Waldron
6711 Regents Blvd. W.. #B
Tacoma, WA 98466
Telephone: 253.565.5800
email: mark@mwaldronlaw.com

7.3 Defendants filing of a UCC financing statement, post filing, is a transfer of an interest in property of the estate and voidable by the Trustee pursuant to 11 USC §549.

## VIII. RESERVATION OF RIGHTS

8.1 Plaintiff reserves the right to assert additional claims as may be appropriate following investigation and discovery.

## IX. PRAYER FOR RELIEF

WHEREFORE, trustee respectfully requests that the Court fashion relief as follows:

9.1 To void and set aside the transfers to the Defendant;

9.2 Enter judgment against the defendant for such transferred property in the amount of $41,684.88, plus interest, including any damages to this estate;

9.3 An order avoiding the post filing transfers and ordering relief related thereto and judgment for $617.98 representing the post petition withdrawal amount; and

9.4 For such other relief as is appropriate under the circumstances.

DATED this 1st day of May, 2020.

Law Offices of Mark D. Waldron, PLLC

/s/ Mark D. Waldron
Mark D. Waldron (WSBA #9578)
Attorney for Trustee


Law Offices of Mark D. Waldron
6711 Regents Blvd. W.. #B
Tacoma, WA 98466
Telephone: 253.565.5800
email: mark@mwaldronlaw.com